THE STATE v. FRENCH et al., Defendants; Mc-NATT, Appellant.

**Division Two, May 16, 1905.**

**JUDGMENT AGAINST PROSECUTOR FOR COSTS: Revivor: Appellate Jurisdiction.** The revival of a judgment rendered against a prosecuting witness for costs where no indictment is found, is a civil proceeding, and if the amount of the judgment is below the jurisdiction of the Supreme Court, and the constitutionality of the statute conferring the right to render such judgment is not attacked, the appeal is to the proper Court of Appeals.

Appeal from McDonald Circuit Court.—*Hon. H. C. Pepper,* Judge.

TRANSFERRED TO ST. LOUIS COURT OF APPEALS.

*McNatt & McNatt* for appellant.

*J. A. Sturgis* and *John T. Sturgis* for the State.

GANTT, J.—This is an appeal from a judgment of the circuit court of McDonald county reviving a judgment of the said court rendered in favor of the

State of Missouri against Oscar McNatt on the 10th day of ·August, 1900, for the sum of one hundred and twenty-three dollars and seventy-five cents, the costs accrued and taxed in the case of the State of Missouri against Charles French, John McDonald and James Peters. Said judgment of revivor was rendered on the 8th day of August, 1904, against said McNatt as prosecuting witness in a proceeding before a justice of the peace, wherein he charged said French, McDonald · and Peters with burglary in breaking into and entering a flour mill of one J. J. McNatt on the 29th of May, 1900, in the county of McDonald.

It appears that, on the preliminary hearing before the justice, the said French, McDonald and Peters were committed to the jail of said county to await the action of the grand jury on the said charge of burglary, and that afterwards the grand jury of said county ignored the bill and said defendants were discharged. ·

On the inspection of the record we are of the opinion that this court has no jurisdiction of this case, but · that the appeal herein must be certified and transferred to the St. Louis Court of Appeals.

The appellant expressly states that the constitutionality of section 2834, Revised Statutes 1899, is · not challenged. No other ground appears to sustain the jurisdiction of this court under our Constitution. This proceeding is merely to revive the judgment for one hundred and twenty-three dollars and seventy-five cents. It is distinguishable from proceedings to enforce the forfeiture of the recognizance in a felony case. This is a civil proceeding under the statute to revive a judgment.

It is ordered that the record in this case be transferred to the St. Louis Court of Appeals.

*Fox, J.,* concurs; *Burgess, P. J.,* absent.