THE STATE v. EDWARD BUTLER, Appellant.

Division Two, November 21, 1905.

COSTS: Criminal Case: Appellate Jurisdiction. A judgment for costs rendered against a defendant in a criminal prosecution is a proceeding which is independent of the criminal case. And, hence, where an execution issues for the costs adjudged against the defendant, and motions to quash and for new trial and in arrest are overruled, and the amount of the costs is below the jurisdiction of the Supreme Court, the appeal should be taken to the proper Court of Appeals.

Appeal from Boone Circuit Court.—*Hon. E. W. Hinton,* Special Judge.

Transferred to Kansas City Court of Appeals.

*Thos. J. Rowe* for appellant.

*Herbert S. Hadley,* Attorney-General, and *Rush C. Lake,* Assistant Attorney-General, for the State.

BURGESS, P. J.—On the 8th day of March, 1904, an execution was issued out of the office of the clerk of the circuit court of Boone county, against the defendant Butler for the sum of $507 for costs adjudged against him in said court on October 15, 1902, in a prosecution against him then pending in said court for felony. Thereafter he presented his motion in said court to quash said execution for grounds set forth in the motion. Thereafter, on the 27th day of February, 1905, the motion was overruled. Defendant then filed motions for new trial and in arrest, which being overruled, he saved his exceptions and appeals.

The State now presents a motion to transfer the cause to the Kansas City Court of Appeals for the reason that this court is without jurisdiction thereof.

There is nothing disclosed by the record which confers jurisdiction upon the Supreme Court, unless it be the fact that the execution for costs was issued in the name of the State, which would not of itself confer jurisdiction. It is not like a proceeding by *scire facias* upon a forfeited recognizance in a felony case, for that kind of proceeding is a continuation of the criminal proceeding, and not an independent proceeding. So far as the judgment for costs is concerned it is a finality until set aside or reversed, and in no way depends upon the criminal proceeding in which the costs accrued. The judgment for costs is not so connected with the criminal case as to make it in any way auxiliary thereto, but is a proceeding under the statute to collect costs which accrued in a felony case and which were adjudged against the defendant. State v. French et al., 188 Mo. 448, was an appeal from the judgment of the circuit court of McDonald county reviving a judgment of that court rendered in favor of the State of Missouri against Oscar McNatt on the 10th day of August, 1900, for the

sum of one hundred and twenty dollars and seventy-five cents, the costs accrued in the case of State of Missouri against Charles French and others. The judgment of revivor was rendered on the 8th day of August, 1904, against said McNatt as prosecuting witness in a proceeding before a justice of the peace, wherein he charged French et al. with breaking into and entering a flour mill of one J. J. McNatt. On a preliminary hearing before the justice, French et al. were committed to the jail of said county to await the action of the grand jury on said charges of burglary, and afterwards the grand jury ignored the bill and the defendants were discharged.

The Supreme Court refused to entertain jurisdiction of the appeal and ordered the record transferred to the St. Louis Court of Appeals, although the suit was being prosecuted in the name of the State. The amount involved, as in the case at bar, was not sufficiently large to confer jurisdiction upon the Supreme Court; hence, it was transferred to the St. Louis Court of Appeals. It seems clear that if the Supreme Court was without jurisdiction of the appeal in that case, it is, for the same reason, without jurisdiction of the appeal in this case.

It is, therefore, ordered that the record in this case be transferred to the Kansas City Court of Appeals.

All concur.